[Cite as *State v. Portman*, 2018-Ohio-3814.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-0475 |
| | : | |
| ANTHONY JAMAR PORTMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of September, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

BYRON K. SHAW, Atty. Reg. No. 0073124, 4800 Belmont Place, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the February 12, 2018 Notice of Appeal of Anthony Jamar Portman.  Portman appeals from his January 31, 2018 judgment entry of conviction, issued following his guilty plea to one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree.  In exchange for his plea, one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), also a felony of the fifth degree, was dismissed.  The trial court sentenced Portman to 12 months in prison.   We hereby affirm the judgment of the trial court.

{¶ 2} Portman's appellate counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Counsel for Portman asserts that "[a]fter a diligent review of the case, Counsel could not find any errors at the trial level to be discussed herein."  As this court has previously noted:

> *Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. An issue is not lacking in that regard merely because the prosecution can be expected to present a strong argument in reply. An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.

*State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 3} On June 4, 2018, this Court afforded Portman an opportunity to file his own pro se brief within 60 days, assigning any errors for our review, and none has been received.   Pursuant to *Anders*, we have performed our duty to independently review the entire record, and we have found no potential assignments of error having arguable merit.

{¶ 4} The January 9, 2018 transcript of the plea hearing reflects that the trial court

complied with Crim.R. 11 in accepting Portman's plea. Portman's plea form provides that he was satisfied with his attorney's advice and competence. His pre-sentence investigation report reflects that he has previous felony convictions, which made him ineligible for mandatory community control sanctions. At his January 30, 2018 disposition, the court reviewed Portman's extensive criminal history and noted: "This is a felony of the fifth degree, a nonviolent offense looking at [R.C.] 2929.13 for factors of mandatory community control. Those factors do not apply because of the Defendant's prior felony convictions." The court indicated that it considered the factors set forth in R.C. 2929.11 and R.C. 2929.12. A sentence of 12 months is within the statutory range for a felony of the fifth degree. R.C. 2929.14(A)(5). We agree with defense counsel that Portman's appeal is wholly frivolous and reveals no arguably meritorious appellate issues. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Andrew P. Pickering
Byron K. Shaw
Anthony Jamar Portman
Hon. Richard J. O'Neill